UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
MAR 31 2006
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| HAROLD CLAYTON, | * | CIV 06-4047 |
| Petitioner, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| RICARDO MARTINEZ, Custodian/ Trustee, | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Harold Clayton, an inmate at the Federal Prison Camp in Yankton, South Dakota, has applied for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons stated below, the petition for a writ of habeas will be denied.

In a Motion to Amend, Doc. 8, Petitioner states he was convicted of drug offenses under 21 U.S.C. § 841 and 846. He entered a plea of guilty and was sentenced to 135 months' imprisonment and four years' supervised release. He claims that he is entitled to immediate release based upon the Supreme Court's recent decision in *United States v. Booker*, 543 U.S. 220 (2005). Based upon *Booker*, Plaintiff argues the findings of fact by the court that sentenced him are illegal. The other basic arguments in his petition are that the term of supervised release imposed as part of the sentence he seeks to challenge was not authorized by Congress and that supervised release is a violation of the Double Jeopardy Clause.

The administrative remedies available within the Bureau of Prisons were not utilized by Petitioner in this case because he believes the issues in this petition are matters of law for the Court and it would have been futile to raise these issues in the administrative remedy system. Despite the failure to exhaust administrative remedies, the Court will address Petitioner's claims, which consist

of legal arguments that his sentence is invalid and he is entitled to immediate release from confinement.

Petitioner's first claim is that his sentence is invalid based upon the Supreme Court's decision in *Booker*, 543 U.S. 220. Contrary to Petitioner's claim that he can receive the benefit of the *Booker* decision in this habeas corpus action, the Eighth Circuit Court of Appeals has clearly held that *Booker* does not apply retroactively to cases on collateral review. *See United States v. Hernandez*, 436 F.3d 851, 855 (8th Cir. 2006). Thus, Petitioner's *Booker* claim must fail.

Turning to Petitioner's supervised release arguments, Petitioner did not file a direct appeal and has not filed a motion under 28 U.S.C. § 2255. The arguments that supervised release was not authorized by Congress and that it violates the Double Jeopardy Clause of the Fifth Amendment could have been raised in a direct appeal. Moreover, it is not clear that Petitioner is entitled to pursue these claims in a § 2241 petition because of the provision in 28 U.S.C. § 2255 that, "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Despite Petitioner's failure to raise the supervised release issues in a direct appeal or § 2255 motion the Court will address the merits of the claims regarding supervised release because they are easily resolved. The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. In addition to protecting one from a second prosecution for the same offense after acquittal or conviction, the Double Jeopardy Clause "protects against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (citations omitted).

The Double Jeopardy Clause's protection against multiple punishments "is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Id.* (citations omitted). In this case, Congress clearly authorized federal sentencing courts to impose a term of supervised release *as a part of the sentence* for a felony or misdemeanor where a term of imprisonment is imposed:

> The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include *as a part of the sentence* a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include *as a part of the sentence* a requirement that a defendant be placed on a term of supervised release if such term is required by statute ....

18 U.S.C. § 3583 (emphasis added). The penalty for violations of 21 U.S.C. §§ 841 and 846, are provided in 21 U.S.C. § 841(b). The applicable penalty depends upon the type and quantity of controlled substance involved in the offense, but all of the penalties under § 841(b) require imposition of a term of supervised release. Even if a term of supervised release is not mandatory under a penalty statute, it is clear from the plain language of 18 U.S.C.§ 3583 that if not required by the statute of conviction, the sentencing court had the *discretion* to impose a term of supervised release if a term of imprisonment was imposed for a felony or misdemeanor. Petitioner was sentenced to a term of imprisonment and, thus, Petitioner's claims that a term of supervised release was not authorized by Congress and that supervised release violates the Double Jeopardy Clause lack merit. Thus, Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2241. Accordingly,

IT IS ORDERED:

1. That Petitioner's Motion for Hearing, Doc. 3, is denied.

2. That Petitioner's Motion for Issuance of Subpoenas, Doc. 4, is denied.

3. That Petitioner's Motion to Amend/Correct, Doc. 8, is granted.

3

4..  That Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Doc. 1 as amended by Doc. 8, is denied.

Dated this 31st day of March, 2006.

BY THE COURT:

*Lawrence Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST
JOSEPH HAAS, CLERK
BY: *signature*
(SEAL)   DEPUTY

4